FILED

2014 AUG 22 PM 2:14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1 JOSEPH A. WALKER, State Bar No. 47223
JASON MATTHEW LAMB, State Bar No. 222191
2 THE WALKER LAW FIRM,
A Professional Corporation
3 1301 Dove Street, Suite 720
Newport Beach, CA 92660-2464
4 Telephone: (949) 752-2522
Facsimile: (949) 752-0439
5 e-mail: jwalker@twlf.net & jlamb@twlf.net

6 Attorneys for Plaintiff,
PANAVISE PRODUCTS, INC.
7

8                    UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11 PANAVISE PRODUCTS, INC., a Nevada )   Case No.: 8:14cv-1347 DOC-AN
corporation,                      )   Assigned to Hon. _____
12                                    )
                                   )   COMPLAINT FOR:
13        Plaintiff,               )
                                   )   1.   PATENT INFRINGEMENT;
14      v.                         )   2.   TRADE DRESS INFRINGEMENT
                                   )        UNDER 15 U.S.C. § 1125(A);
15 AMERICA DIGITAL ACCESSORIES     )   3.   VIOLATION UNDER § 43(A) OF
CORP., an entity of unknown        )        THE LANHAM ACT;
16 status and origin d.b.a. DIGI-   )   4.   STATE AND COMMON LAW
POWER,                             )        MISAPPROPRIATION AND UNFAIR
17                                    )        COMPETITION;
     Defendant.                    )   5.   STATUTORY UNFAIR COMPETITION
18                                    )        IN VIOLATION OF CALIFORNIA
                                   )        BUSINESS & PROFESSIONS CODE
19                                    )        §§ 17200, ET SEQ.; AND
                                   )   6.   PASSING OFF UNDER § 43(A) OF
20                                    )        LANHAM ACT, 15 U.S.C.
                                   )        § 1125(A).
21                                    )
22 _____ )   DEMAND FOR JURY TRIAL

23        COMES NOW Plaintiff, PANAVISE PRODUCTS, INC., a Nevada

24 corporation ("PanaVise Products" and/or "Plaintiff"), for claims for

25 relief against Defendant, AMERICA DIGITAL ACCESSORIES CORP., an entity

26 of unknown status and origin d.b.a. DIGI-POWER ("Digi-Power" and/or

27 "Defendant"), complaining and alleging as follows:

28 / / /

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 U.S.C. § 271, et seq., United States Code; trade dress infringement arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, et seq., 15 U.S.C. § 1125(a) and under § 43 of the Lanham Act, and, as such, this Court has jurisdiction over the subject matter of this action under Lanham Act § 39(a), 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).  Plaintiff invokes supplemental jurisdiction of this Court under 28 U.S.C. §§ 1338(b) and 1367(a) to consider claims arising under state law.

2.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3.  PanaVise Products is a Nevada corporation, organized and existing under the laws of the State of Nevada, with its principal place of business located at 7540 Colbert Drive, in the City of Reno, County of Washoe, State of Nevada.  PanaVise Products is engaged in the manufacture, distribution, and sale of suction cup mounts under the registered trademark "PANAVISE" and the common law trademark "PV-809".

4.  Plaintiff is informed and believes, and upon such information and belief alleges that Defendant is a business entity of unknown status, and organized and existing under the laws of an unknown jurisdiction, with its principal place of business located at 16031 Arrow Highway, Unit H & I, in the City of Irwindale, County of Los Angeles, State of California.  Plaintiff is informed and believes,

1  and upon such information and belief alleges that Defendant also does

2  business as DIGI-POWER and has not filed any fictitious business name

3  record for same anywhere.  Plaintiff is informed and believes, and

4  upon such information and belief alleges that Defendant, through its

5  agents, employees, shareholders, and attorneys, is engaged in the

6  manufacture, importation, distribution, and/or sales of suction cup

7  mounts (identified by Defendant as "Gopromate(TM) Suction Cup Mount

8  For GoPro Hero 1,2,3 with 1/4 Inch Tripod Mount Adapter") on a

9  nationwide basis, including within the Central District of California,

10  by direct retail sales and/or shipments directly to consumers via the

11  internet, including but not limited to through an interactive store

12  front on Amazon <www.amazon.com>.

### FIRST CLAIM FOR RELIEF

**(Patent Infringement – United States Patent No. D521850)**

14

15       5.   Plaintiff realleges, refers to and herein incorporates by

16  reference each and every allegation contained in Paragraphs 1 through

17  4 of this Complaint as though fully set forth herein.

18       6.   On May 30, 2006, United States Patent No. D521850 (the "'850

19  Patent"), for a design entitled "Window Grip," was duly and legally

20  issued in the names of Inventors, Gary Lee Richter and Bruce Edward

21  Richter.  By virtue of proper assignment, PanaVise Products has

22  acquired and duly owns all right, title, and interest in the '850

23  Patent, including the right to sue and recover for infringement

24  thereof.  Attached hereto as **EXHIBIT A** is a true and correct copy of

25  the '850 Patent, and the assignment which are incorporated herein by

26  reference as though fully set forth.

27  / / /

28  / / /

7.    Since or about November 20, 2003, Window Grips manufactured, distributed, and sold by Plaintiff have been marked to indicate that such products were subject to a pending patent.

8.    Since or about May 30, 2006, Window Grips manufactured, distributed, and sold by Plaintiff have been marked to indicate that such products are patented under the '850 Patent.

9.    Defendant, through its agents, employees, shareholders, and attorneys, have infringed the '850 Patent pursuant to 35 U.S.C. Section 271 by:

    (a)   directly infringing through the acts of manufacturing, importing, distributing, offering to sell, and/or selling suction cup mounts embodying the ornamental design of the Window Grip as shown and described therein;

    (b)   contributorily infringing through the acts of manufacturing, importing, distributing, offering to sell, and/or selling components of suction cup mounts constituting a material part of such design knowing the components to be especially made or adapted for use in infringing the '850 Patent and not commodities suitable for substantial noninfringing use; and/or

    (c)   inducing infringement through the acts of manufacturing, importing, distributing, offering to sell, and/or selling components constituting a material part of such design, knowing the components to be especially made or adapted for use in infringing the '850 Patent and not commodities suitable for substantial non-infringing use.

1  Defendant, through its agents, employees, shareholders, and attorneys,
2  have committed the above-mentioned acts within this judicial district
3  and throughout the United States of America, and will continue to do
4  so unless enjoined by this Court.

5       10.  Plaintiff is informed and believes, and upon such
6  information and belief alleges that Defendant's acts of infringement
7  have been committed willfully and with knowledge of Plaintiff's patent
8  rights.

9       11.  Plaintiff is informed and believes, and upon such
10  information and belief alleges that Defendant, through its agents,
11  employees, shareholders, and attorneys, are unlikely to cease its
12  infringing acts upon receipt of this Complaint.

13      12.  Plaintiff has suffered and is suffering damages, including
14  impairment of the value of the '850 Patent, in an amount yet to be
15  determined.

16      13.  Defendant's acts of infringement are causing irreparable
17  harm to Plaintiff and will continue to cause irreparable harm unless
18  enjoined by this Court.

19      14.  Plaintiff is informed and believes, and upon such
20  information and belief alleges that the Defendant's acts of
21  infringement have resulted and are currently resulting in substantial
22  unjust profits and unjust enrichment on the part of Defendant in an
23  amount yet to be determined.

24                    <u>SECOND CLAIM FOR RELIEF</u>

25        **(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

26      15.  Plaintiff realleges, refers to and herein incorporates by
27  reference each and every allegation contained in Paragraphs 1 through
28  14 of this Complaint as though fully set forth herein.

---

16.  Plaintiff has been and is engaged in the business of manufacturing, distributing, and selling suction cup mounts.  Since at least as early as 2003, Plaintiff has actively advertised, promoted and publicized its products to the trade and the public.  Plaintiff has acquired and developed substantial and valuable goodwill for itself and its products among those in the trade and the public as a result of: (a) Plaintiff's extensive sales and distribution throughout the United States of America and internationally of its products; (b) the high quality of Plaintiff's products; and (c) Plaintiff's advertising and publicity of its products.

17.  Plaintiff began to use a certain size, shape, color, and texture as features in the PanaVise Products' suction cup mounts at least as early as 2003 as a trade dress for its goods.

18.  Plaintiff is informed and believes, and upon such information and belief alleges that the Defendant's sales of suction cup mounts (identified by Defendant as "Gopromate(TM) Suction Cup Mount For GoPro Hero 1,2,3 with 1/4 Inch Tripod Mount Adapter") for use with various products are facsimiles of Plaintiff's trade dress for its suction cup mounts (identified by Plaintiff as WINDOWGRIP DELUXE®, model no. PV-809), when considered as a whole (with regard to size, shape, color, and textures).

19.  Defendant, through its agents, employees, shareholders, and attorneys, began to use substantially similar sizes, shapes, colors, and textures on his suction cup mounts in an area where Plaintiff was already advertising and selling their suction cup mounts.

20.  The design and appearance of the trade dress of Plaintiff's suction cup mounts were all original creations developed expressly by and for Plaintiff.  Plaintiff is informed and believes, and upon such

1 information and belief alleges that Plaintiff was the first to make

2 use of the design and trade dress.

3     21.   Defendant's use of Plaintiff's design and trade dress was

4 without the consent of Plaintiff.

5     22.   Plaintiff's trade dress is non-functional.

6     23.   Plaintiff's trade dress has acquired secondary meaning.

7     24.   Defendant's trade dress has caused, and is likely to cause,

8 confusion among ordinary purchasers as to the source of Plaintiff's

9 and Defendants' goods.

10     25.   As a result of Defendant's actions, Plaintiff has sustained

11 and continues to experience special and general damages in an amount

12 of $ 100,000.00 or more to be determined according to proof at the

13 time of trial.

14 **THIRD CLAIM FOR RELIEF**

15 **(Violation Under § 43(a) of Lanham Act)**

16     26.   Plaintiff realleges, refers to and herein incorporates by

17 reference each and every allegation contained in Paragraphs 1 through

18 25 of this Complaint as though fully set forth herein.

19     28.   Plaintiff has caused the trade and public to recognize the

20 product design and trade dress of Plaintiff's suction cup mounts as

21 symbols of Plaintiff's goods by virtue of: (a) its original use of the

22 design and appearance of the trade dress of its suction cup mounts;(b)

23 its advertising, publicity and promotion of its suction cup mounts;

24 and (c) its commercial success of its suction cup mounts throughout

25 the trade and with the public.  The design and trade dress which

26 Plaintiff has created symbolizes goodwill of significant value. As a

27 result of the Defendant's actions, Plaintiff has sustained and

28 / / /

1  continues to experience special and general damages in an amount to be

2  determined according to proof at the time of trial.

3      28.   Defendant, through its agents, employees, shareholders, and

4  attorneys, are now manufacturing, importing, distributing, advertising

5  and selling in interstate commerce, including within the State of

6  California and the Central District of California, suction cup mounts

7  which imitate the distinctive design and trade dress of Plaintiff's

8  suction cup mounts in their overall appearance and shape.

9      29.   Plaintiff is informed and believes, and upon such

10 information and belief alleges that Defendant, through its agents,

11 employees, shareholders, and attorneys, have advertised, promoted and

12 publicized their suction cup mounts throughout the trade and with the

13 public.

14     30.   Plaintiff learned of Defendant's appropriation of the

15 appearance and design and Plaintiff's trade dress of its suction cup

16 mounts in or about July 2014.

17     31.   Plaintiff is informed and believes, and upon such

18 information and belief alleges that Defendant's distribution and sale

19 of Defendant's suction cup mounts within and outside of this judicial

20 district, and in commerce, continues at present.

21     32.   Plaintiff's design and trade dress have come to serve as a

22 designation of origin of Plaintiff's suction cup mounts and as a

23 symbol of the goodwill which Plaintiff has established for its product

24 by virtue of: (a) its original design and appearance of its suction

25 cup mounts; (b) its extensive advertising, publicity and promotion of

26 its suction cup mounts; and (c) its extensive sales of its suction cup

27 mounts.

28 / / /

33.   Defendant's use of Plaintiff's suction cup mounts' design and trade dress constitutes a false designation or representation, which has misled, and is likely to continue to mislead, the public into believing that Defendant's suction cup mounts are manufactured by Plaintiff or produced under its supervision and control or with its endorsement or approval.  As a result of the public acceptance of Plaintiff's suction cup mounts, Defendant's suction cup mounts have been and will continue to be mistaken for Plaintiff's suction cup mounts.

34.   Defendant's aforementioned acts of false designation of origin and false descriptions and representation have damaged Plaintiff in an amount to be determined according to proof at the time of trial.

35.   Defendant's acts of false designation of origin and false descriptions and misrepresentations in violation of § 43(a) of the Lanham act (15 U.S.C. §1125(a)) have caused irreparable harm, for which Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

#### (State and Common Law Misappropriation

#### and Unfair Competition)

36.   Plaintiff realleges, refers to and herein incorporates by reference each and every allegation contained in Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.   Plaintiff is informed and believes, and upon such information and belief alleges that Defendant, through its agents, employees, shareholders, and attorneys, has distributed, sold, advertised, publicized, and promoted its products within the State of California.  Defendant's use of Plaintiff's suction cup mounts design,

1   pictures, text, appearance, and trade dress has caused and is likely

2   to cause confusion between Defendant and his products and Plaintiff

3   and its products, and such use by Defendant, through its agents,

4   employees, shareholders, and attorneys, infringes the valuable common

5   law right of Plaintiff in its product design and appearance and its

6   trade dress.

7        38.   Defendant's activities also constitute unfair competition

8   with Plaintiff by creating confusion as to the source or sponsorship

9   of the suction cup mounts distributed and sold by Defendant, and by

10  misappropriating the fine reputation of Plaintiff in its product

11  design, appearance, and trade dress, thereby injuring that reputation

12  and goodwill and diverting from Plaintiff the benefits arising from

13  that reputation and goodwill.

14       39.   As a result of Defendant's acts of infringement, unfair

15  competition, and misappropriation, Defendant, through its agents,

16  employees, shareholders, and attorneys, has damaged Plaintiff who has

17  sustained and continues to experience special and general damages in

18  an amount to be determined according to proof at the time of trial.

19       40.   Defendant's aforementioned acts of infringement, unfair

20  competition and misappropriation have caused irreparable harm to

21  Plaintiff and, unless enjoined by this Court, will continue to cause

22  such irreparable harm, for which Plaintiff has no adequate remedy at

23  law.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## FIFTH CLAIM FOR RELIEF

### (Statutory Unfair Competition In Violation of California Business & Professions Code § 17200, et seq.)

41.   Plaintiff realleges, refers to and herein incorporates by reference each and every allegation contained in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.   Plaintiff is informed and believes, and upon such information and belief alleges that the above-described conduct of Defendant was (1) an unlawful business practice, (2) an unfair business practice, (3) a fraudulent business practice, and (4) deceptive, unfair, false and misleading advertising, which constitutes unfair competition under California Business & Professions Code § 17200, et seq.

43.   As a result of Defendant's actions, Plaintiff has suffered injury in fact and has lost money.

44.   As a result of Defendant's actions, Plaintiff has sustained and continues to experience damages in an amount to be determined according to proof at the time of trial.

45.   By reason of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer, irreparable harm unless and until the Defendant's conduct is enjoined.

## SIXTH CLAIM FOR RELIEF

### (Passing Off Under § 43(a) of Lanham Act, 15 U.S.C. §1125(a))

46.   Plaintiff realleges, refers to and herein incorporates by reference each and every allegation contained in Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

/ / /

1    47.   Plaintiff is informed and believes, and upon such

2  information and belief alleges that Defendant, through its agents,

3  employees, shareholders, and attorneys, have distributed, sold,

4  advertised, publicized, and promoted their products in interstate

5  commerce.

6    48.   Defendant's use of Plaintiff's trade dress is a false

7  designation or false representation that has caused and is likely to

8  mislead consumers into believing that the Defendant's suction cup

9  mounts are manufactured by Plaintiff or produced under its supervision

10 and control or with its endorsement or approval.  The passing off

11 occurs because there is a likelihood of consumer confusion.  As a

12 result of the public acceptance of Plaintiff's suction cup mounts, the

13 Defendant's suction cup mounts have been and will continue to be

14 purchased as, and for, Plaintiff's suction cup mounts.

15   49.   Plaintiff's trade dress is non-functional.

16   50.   Plaintiff's trade dress has acquired secondary meaning.

17   51.   Plaintiff is informed and believes, and upon such

18 information and belief alleges that Defendant's suction cup mounts are

19 facsimiles of Plaintiff's trade dress for its suction cup mounts, when

20 considered as a whole (with regard to size, shape, color, and

21 textures).

22   52.   The aforementioned acts of false designation of origin and

23 false representation by Defendant, through its agents, employees,

24 shareholders, and attorneys, has damaged Plaintiff in an amount to be

25 determined according to proof at the time of trial.

26   53.   By reason of Defendant's actions alleged herein, Plaintiff

27 has suffered, and will continue to suffer, irreparable harm unless and

28 until the Defendant's conduct is enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, PanaVise Products prays for judgment as follows:

### AS TO ALL CLAIMS FOR RELIEF

A.   For preliminary and permanent injunctions enjoining Defendant, its divisions, subsidiaries, parents, affiliates and its respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, from:

       1.   Making, using, selling, offering for sale, or importing within the United States, its territories and possessions, the Plaintiff's products covered by the '850 Patent;

       2.   Reproducing, copying, counterfeiting, colorably imitating or otherwise using Plaintiff's trade dress;

       3.   Offering for distribution, distributing, offering for sale, selling, advertising, publicizing or promoting any suction cup mounts whose design, appearance and trade dress so resemble the distinctive design, appearance, and trade dress of Plaintiff's suction cup mounts as to be likely to cause confusion, mistake, or deception;

       4.   Using in connection with the Defendants' products any false or deceptive designation, representation or description of it or its products, whether by words, symbols, product design or appearance, or trade dress, which would damage Plaintiff;

       5.   Using any false designation of origin, false advertising, false impression or false representation that tends to pass off the Defendant's products as those of

/ / /

1       PanaVise Products in a way that is likely to cause

2       confusion, or likely to deceive as to the affiliation;

3       6.   Engaging in any acts of state or common law

4       infringement or unfair competition which injure or would

5       tend to injure PanaVise Products;

6       7.   Engaging in any acts causing injury to the business

7       reputation of PanaVise Products or dilution of the

8       distinctive quality of its product design and appearance or

9       trade dress;

10      8.   Trading upon or appropriating the goodwill and business

11      reputation of PanaVise Products; and/or

12      9.   Inducing, encouraging, aiding, abetting or contributing

13      to any of the aforementioned acts.

14    B.   That Defendant files with the Court and serve on PanaVise

15  Products' counsel within thirty (30) days after service on Defendant

16  of an injunction order, or within such extended period as this Court

17  may direct, a report in writing and under oath, setting forth in

18  detail the manner and form in which Defendant has complied with the

19  injunction order;

20    C.   That all suction cup mounts, in the possession or under

21  control of Defendant, and all plates, molds, matrices and other means

22  of manufacturing or making the same, which might, if used, violate the

23  order herein granted, be delivered up and destroyed as the Court shall

24  direct;

25    D.   That Defendant be required to account and pay over to

26  PanaVise Products all gains, profits, advantages, benefits derived by

27  the  from sales of suction cup mounts that infringe the '850 Patent,

28  and, in addition, pay the damages which PanaVise Products has

1  sustained from or by reason of the Defendant's acts of infringement of

2  the '850 Patent, together with legal interest accrued from the date

3  thereof, and that the total amount of damages be increased to a sum

4  not exceeding three times the amount thereof as provided for by 35

5  U.S.C. Section 284;

6      E.   That Defendant be required to account to Plaintiff for

7  Defendant's profits and the actual damages suffered by Plaintiff as a

8  result of Defendants' acts of trademark infringement, false

9  designation of origin, unfair competition, and unfair and deceptive

10 trade practices, together with interest, and that Plaintiff's recovery

11 be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. §

12 1117);

13     F.   That Defendant be required to account and pay over to

14 PanaVise Products all gains, profits, advantages, benefits derived by

15 the and, in addition, the damages which PanaVise Products has

16 sustained from or by reason of the Defendant's acts of unfair

17 competition, unlawful business practice, unfair business practice,

18 fraudulent business practice, deceptive, unfair, false and misleading

19 advertising, false and deceptive designation and description, unlawful

20 trading upon and appropriation of the good will and reputation of

21 PanaVise Products in violation of California Statutes, together with

22 legal interest accrued from the date thereof, and that the total

23 amount of damages be increased to a sum not exceeding three times the

24 amount thereof as provided for by 35 U.S.C. Section 284;

25     G.   That Defendant be required to pay Plaintiff, Plaintiff's

26 lost profits due to Defendant's acts of patent infringement, unfair

27 competition, unlawful business practice, unfair business practice,

28 fraudulent business practice, deceptive, unfair, false and misleading

1   advertising, false and deceptive designation and description, unlawful

2   trading upon and appropriation of the good will and reputation of

3   PanaVise Products in violation of California Statutes, together with

4   legal interest accrued from the date thereof, and that the total

5   amount of damages be increased to a sum not exceeding three times the

6   amount thereof as provided for by 35 U.S.C. Section 284;

7       H.    For general damages in the amount of $100,000.00, or more

8   according to proof;

9       I.    For special damages in the amount of $100,000.00, or more

10  according to proof;

11      J.    For punitive damages in an amount according to proof;

12      K.    For reasonable attorneys' fees;

13      L.    For costs of the suit; and

14      M.    That PanaVise Products have such other and further relief as

15  this Court deems just and proper.

16                  **AS TO THE FIRST CLAIM FOR RELIEF**

17      N.    That the present case be found exceptional and that

18  attorney's fees be awarded to PanaVise Products under 35 U.S.C.

19  Section 285; and

20      O.    That PanaVise Products be awarded additional remedy for

21  infringement of a design patent, as appropriate, under 35 U.S.C.

22  Section 289.

23           **AS TO THE THIRD AND SIXTH CLAIMS FOR RELIEF**

24      P.    That the present case be found exceptional and that

25  attorney's fees be awarded to PanaVise Products under Lanham Act §35

26  (15 U.S.C. Section 1117).

27  / / /

28  / / /

DATE: August __19__, 2014

                              THE WALKER LAW FIRM,
                              A Professional Corporation

By: _____
           JOSEPH A. WALKER
           JASON MATTHEW LAMB
           Attorneys for Plaintiff, PANAVISE
           PRODUCTS, INC.

1

## DEMAND FOR A JURY TRIAL

2        Plaintiff, PANAVISE PRODUCTS, INC., hereby demands trial by jury

3  as provided by Rule 38 of the Federal Rules of Civil Procedure and

4  Local Rule 38-1.

5

6  DATE: August ⎯19⎯, 2014                THE WALKER LAW FIRM,
                                           A Professional Corporation
7

8                              By: _____

9                                    JOSEPH A. WALKER
                                     JASON MATTHEW LAMB
10                                   Attorneys for Plaintiff, PANAVISE
                                     PRODUCTS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

US00D521850S

## (12) United States Design Patent
### Richter et al.

(10) Patent No.: **US D521,850 S**

(45) Date of Patent: ** **May 30, 2006**

(54) **WINDOW GRIP**

(75) Inventors: **Gary Lee Richter**, Reno, NV (US);
**Bruce Edward Richter**, Reno, NV (US)

(73) Assignee: **Panavise Products, Inc.**, Reno, NV (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/194,089**

(22) Filed: **Nov. 20, 2003**

(51) LOC (8) Cl. .................................................. **08-05**

(52) U.S. Cl. .................................................. **D8/354**

(58) **Field of Classification Search** .................. D8/349,
D8/354; 248/205.4, 205.6; 52/235; 16/406
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 5,102,090 | A | * | 4/1992 | Farris et al. | ................. 248/674 |
| D360,710 | S | * | 7/1995 | Colwell | ................. D30/121 |
| 5,909,758 | A | * | 6/1999 | Kitamura | ................. 16/406 |

| | | | | | |
|---|---|---|---|---|---|
| D439,135 | S | * | 3/2001 | Elmer | ................. D8/349 |
| 6,412,242 | B1 | * | 7/2002 | Elmer | ................. 52/235 |
| 6,467,227 | B1 | * | 10/2002 | Elmer | ................. 52/235 |

* cited by examiner

*Primary Examiner*—Holly H. Baynham
(74) *Attorney, Agent, or Firm*—The Walker Law Firm;
Allan Grant

(57) **CLAIM**

The ornamental design of a window grip, as shown and as described.

**DESCRIPTION**

FIG. 1 is a perspective view from the left side of the window grip showing the front, side, and top;
FIG. 2 is a perspective view from the right side of the widow grip showing the front, side and top;
FIG. 3 is a side view of the window grip.
FIG. 4 is a top view of the window grip.
FIG. 5 is a bottom view of the window grip.
FIG. 6 is a back view of the window grip; and,
FIG. 7 is a front view of the grip.

1 Claim, 3 Drawing Sheets





*Fig. 1*



*Fig. 2*



*Fig. 3*



*Fig. 4*



Fig. 6

Fig. 7

Fig. 5

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| PANAVISE PRODUCTS, INC. | AMERICAN DIGITAL ACCESSORIES CORP. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |
|---|---|
| JOSEPH A. WALKER and JASON MATTHEW LAMB<br>THE WALKER LAW FIRM, A Professional Corporation<br>1301 Dove Street, Suite 720<br>Newport Beach, California 92660-2464<br>Telephone: 949.752.2522; Facsimile: 949.752.0439 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement (35 U.S.C. Sec. 271, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: 8:14-cv-1347

CCD-CV71

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.   VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes   [X] No | [ ] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| [ ] Yes   [X] No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of defendants reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |

**C.1.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[X] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed?   [ X ] NO   [ ] YES

If yes, list case number(s): _____

**IX(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?   [ X ] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _____   DATE: August 19, 2014

JASON MATTHEW LAMB

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |